## HENRY RICHARDSON & wife *vs.* MATHEW W. ARMINGTON & others.

R. filed a bill in equity to have a third part of an estate set off to her. An order of partition was made directing that the estate be first divided into third parts and one of these set off to the complainant and those holding with her, and then a third part of this third part be set off to the complainant. *Held,* that it was her right and the proper construction of the decree to have her third set off by itself in one .tract, there being nothing to show that it was necessary to assign her a portion of different tracts of land.

*Held, further*, That it was not necessary to assign to each share an equal number of square feet, each party being entitled simply to his proportional share according to the value.

*Held, further*, That a partition in which many of the lots adjoined no public ways, and to which the commissioners had assigned no private ways, was objectionable, and would not be sanctioned by the court.

POTTER, J.   In this case the complainant filed a bill in equity to have a third part of a third part of the estate set off to her. An order of partition was made directing that the estate should be first divided into third parts, and one of these set off to the complainant and those holding with her, and that then a third of this third part should be set off to the complainant, and that the other shares might be subdivided according to the rights of the parties so agreed.   The commissioners have made a report accompanied with a map.   They report that they first assigned one third to the complainant and those holding with her, and then one third of this third to the complainant.

The complainant excepts to this report and moves that it be rejected.   1st. Because the division is inequitable, &c.; and 2d. Because it is not according to the decree made.

It appears by the plat which is a part of the report that neither the original third, or the third of this third, was laid out in one tract; but that the ninth actually assigned to the complainant is in four different lots on four different parts of the plat.

We think it is the right of the complainant, and that it is the proper construction of the decree, to have her part set off by itself in one tract, or as nearly so as the state of the property will admit.   There may be cases where it would be proper to assign to each or to some a proportion of different lots of land; but there is nothing to show that it was necessary or expedient in the present case.   And if not necessary, it is objectionable as subjecting the party to increased expense for fencing, and great inconvenience in management and cultivation.

They have assigned to each share an equal number of square feet.   This was not necessary.   The party is entitled, not to an exact quantity of surface measure, but to his proportional share according to the value.

Another objection is also made to the report.   Many of the lots adjoin no public way, and the commissioners have assigned no private ways.   The court would hesitate to sanction a division which would leave the parties subject to the litigation which would be certain to grow out of the claims of ways of necessity. They have indeed drawn upon the plat the lines of a street which they say can be laid out by the parties.   It is enough for the present that the parties do not agree to it.

Other matters in relation to the expense of division and subdivision of the shares can be considered in the final adjustment of the costs. *Report rejected. To be recommitted.*